# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

YASMINE LAMAR,
Individually and on behalf of a class of
others similarly situated,

          Plaintiff,

    vs.

IQ DATA INTERNATIONAL, INC.,

          Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 20-cv-00377

Honorable Judge Gary Feinerman

Magistrate Judge Susan E. Cox

## ANSWER AND AFFIRMATIVE DEFENSES

I.Q. Data International, Inc. ("I.Q. Data" or "Defendant"), by and through its attorneys of Gordon & Rees, LLP, submits the following as its Answer and Affirmative Defenses to Plaintiff's First Amended Class Action Complaint ("Complaint"):

## INTRODUCTION

1. Plaintiff, Yasmine Lamar, brings this action to secure redress from unlawful collection practices engaged in by Defendant IQ Data International, Inc. ("IQ Data"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). In brief, Defendant seeks to collect and have collected from evicted tenants attorneys' fees allegedly incurred by landlords of residential property in Chicago in connection with evictions, even though a Chicago ordinance explicitly prohibits landlords from imposing such fees. In addition, defendant IQ Data fails to give these former tenants notice of their rights to dispute the debt as required by federal law.

**ANSWER:** Defendant admits only that Plaintiff purports to bring this action to secure redress from alleged unlawful collection practices engaged in by I.Q. Data, and that Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

("FDCPA"). Defendant denies any liability under the FDCPA and denies all allegations of wrongdoing. Defendant denies the remaining allegations contained in paragraph 1 of the Complaint.

2. The FDCPA prohibits unfair collection methods, the harassment of debtors, seeking to collect amounts not lawfully owed, and the use of deceptive statements in connection with debt collection. It also requires that debt collectors give debtors certain information regarding their rights within specified time frames. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

**ANSWER:** Paragraph 2 of the Complaint contains legal conclusions that do not require a specific factual admission or denial. To the extent a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, and on that basis denies same.

3. Courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly" and that this "intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC,* 567 F.Supp.2d 1035, 1042 (N.D. Ill. 2008).

**ANSWER:** Paragraph 3 of the Complaint contains legal conclusions that do not require a specific factual admission or denial. To the extent a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, and on that basis denies same.

4. Plaintiff now seeks redress for herself and to enforce the policies which are expressed through the FDCPA, which encourages consumers to act as "private attorneys general to enforce the public policies and protect the civil rights expressed therein." *Crabill v. Trans Union, LLC,* 259 F.3d 662, 666 (7th Cir. 2001).

**ANSWER:** Paragraph 4 of the Complaint contains legal conclusions that do not require a

specific factual admission or denial. To the extent a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, and on that basis denies same.

## VENUE AND JURISDICTION

5.      This Court has jurisdiction over Plaintiff's FDCPA claims under 28 U.S.C. § 1331.

**ANSWER:** Defendant admits that this Court has jurisdiction over this action.

6.      Venue and personal jurisdiction in this District are proper as to IQ Data because IQ Data's collection communications were received by Plaintiff within this District.

**ANSWER:** Defendant admits that venue and personal jurisdiction in this District are proper, but Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of the Complaint, and on that basis denies same.

## PARTIES

7.      Plaintiff Yasmine Lamar is an individual residing in Chicago, Illinois.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, and on that basis denies same.

8.      Defendant IQ Data International, Inc. is a Washington Corporation with principal offices at 21222 30th Dr. SE, Suite 120, Bothell, Washington 98021.

**ANSWER:** Defendant admits the allegations contained in paragraph 8 of the Complaint.

9.      IQ Data regularly uses the mails and telephone system to attempt to collect and to collect defaulted consumer debts allegedly owed to others. It provides debt collection services. Specifically, IQ Data regularly conducts collection of past due residential rent and related charges allegedly owed in connection with a residential lease.

3

**ANSWER:** Defendant admits only that in certain circumstances I.Q. Data uses the mails and telephone system to attempt to collect and to collect defaulted debts owed to others. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 of the Complaint, and on that basis denies same.

10. IQ Data is a debt collector as defined in the FDCPA.

**ANSWER:** Paragraph 10 of the Complaint contains a legal conclusion that does not require a specific factual admission or denial. To the extent a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and on that basis denies same.

### FACTS

11. IQ Data has been attempting to collect from Plaintiff an alleged debt on behalf of Draper and Kramer, Inc. ("Draper and Kramer"), a property management company, which was incurred, if at all, for personal, family or household purposes and not for business purposes, on a rental agreement for a dwelling unit located within the City of Chicago.

**ANSWER:** Defendant admits that it was working on behalf of Draper and Kramer, a property management company. Answering further, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the debt upon which I.Q. Data was allegedly attempting to collect was for personal, family or household purposes and not for business purposes, on a rental agreement for a dwelling unit located within the City of Chicago, and on that basis denies same. Defendant denies the remaining allegations contained in paragraph 11 of the Complaint.

12. Plaintiff resided in Lake Meadows Phase I apartment complex, unit 1205 at 3445 S. Rhodes Avenue, Chicago, Illinois (hereinafter "the rental unit') from October 2018 to August 2019.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and on that basis denies same.

13.     During her tenancy, Plaintiff's roommate unexpectedly abandoned their shared apartment, managed by Draper and Kramer, making it difficult for Plaintiff to keep up with rent, and she fell behind in her payments.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and on that basis denies same.

14.     Plaintiff's lease provided for recovery of attorney's fees by the landlord, but only where allowed by law. (Exhibit A).

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and on that basis denies same.

15.     Under Chicago Mun. Code Ch. 5-12-180, it is unlawful for a landlord to charge a tenant attorney's fees in connection with an eviction action.[1]

**ANSWER:** Paragraph 15 of the Complaint contains a legal conclusion that does not require a specific factual admission or denial. To the extent a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, and on that basis denies same.

16.     On August 8, 2018, Draper and Kramer, as managing agent for Lake Meadows Phase I

---

[1] The Eviction Act (735 ILCS 5/9-101 et seq.) was amended effective January 1, 2018 in order to simplify the statute governing Illinois evictions by changing the previous language, "forcible entry and detainer actions," to "eviction actions." Thus, though the language did not change in Chicago Mun. Code Ch. 5-12-180, "forcible entry and detainer actions" are tantamount to eviction actions as defined in state law.

Limited Partnership, secured an eviction order in an eviction action against Plaintiff on the rental unit.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, and on that basis denies same.

17.     In doing so, Draper and Kramer specifically declined to pursue attorney's fees on the eviction order form, likely because it knew the pursuit of such fees under these circumstances are illegal in Chicago (Exhibit B).

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, and on that basis denies same.

18.     Draper and Kramer later sent Plaintiff an accounting notice dated August 30, 2018 on behalf of Lake Meadows Phase I, stating a balance due of $3,969.10 on the rental unit. (Exhibit C). The accounting notice specifically listed a legal fee of $966.25 which included unlawful attorney's fees.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, and on that basis denies same.

19.     Plaintiff suffered confusion, emotional distress, annoyance and anxiety as a result of Defendant's addition of the attorney fees.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, and on that basis denies same.

20.     On information and belief, when Plaintiff did not send a payment, Draper and Kramer referred the account to IQ Data for collection.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, and on that basis denies same.

21.     IQ Data then called Plaintiff's cellular phone on numerous occasions between July of 2019 and the time of this filing, seeking to collect the alleged debt.

**ANSWER:** Defendant admits only that I.Q. Data attempted to call Plaintiff to collect a debt. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21 of the Complaint, and on that basis denies same.

22.     Neither during the initial communication from IQ Data nor within five days thereof did IQ Data provide a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector, nor a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

**ANSWER:** Defendant denies the allegations contained in paragraph 22 of the Complaint.

23.     If Plaintiff had known she had the right to do so, she would have requested validation and disputed the attorney fees.

**ANSWER:** Defendant denies the allegations contained in paragraph 23 of the Complaint.

24.     Plaintiff sent IQ Data a check in the sum of $50 on her account, but unfortunately by the time it was cashed, it was rejected as NSF.

**ANSWER:** Defendant admits that Plaintiff's attempted payment was declined for insufficient funds. Answering further, Defendant denies the remaining allegations contained in paragraph 24 of the Complaint.

25. This check was acknowledged, but not yet credited, in a written communication dated August 2, 2019 that Defendant IQ Data sent Plaintiff, stating a balance due of $4,153.42, including $3969.10 in principal and $184.32 in interest. A copy is attached as Exhibit D.

**ANSWER:** Defendant responds that Exhibit D to the Complaint speaks for itself. To the extent the allegations in paragraph 25 of the Complaint mischaracterize Exhibit D, Defendant denies those allegations.

26. The "Principal Due" included unlawful attorney's fees, as itemized on the previous notice from Draper and Kramer. Plaintiff again suffered emotional distress, annoyance, confusion, and anxiety as a result of the debt collector's inclusion of a claim for the attorney fees.

**ANSWER:** Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. On information and belief, IQ Data has furnished Plaintiff's account information, including the unlawful attorney's fees, to one or more credit bureaus, thus damaging Plaintiff's credit.

**ANSWER:** Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. IQ Data has sought to collect and collected attorney's fees allegedly incurred by Plaintiff's landlord in connection with an eviction action in Chicago in phone calls, when it sent Exhibit D to Plaintiff and when it furnished information to one or more credit bureaus.

**ANSWER:** Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Plaintiff was placed at risk of paying further sums she didn't owe because the billing and credit reporting included unlawful attorney's fees.

**ANSWER:** Defendant denies the allegations contained in paragraph 29 of the Complaint.

**COUNT I–Violation of the Fair Debt Collection Practices Act by IQ Data**

30. Plaintiff incorporates by reference the foregoing allegations of the Complaint.

**ANSWER:** Defendant incorporates by reference its responses to the foregoing allegations of the Complaint, as though fully set forth therein.

31. 28 U.S.C. § 1692f(1) provides that a debt collector may not "use unfair or unconscionable means to collect or attempt to collect any debt," including collecting "any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

**ANSWER:** Paragraph 31 of the Complaint contains a legal conclusion that does not require a specific factual admission or denial. To the extent a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint, and on that basis denies same.

32. 28 U.S.C. §1692e provides that a debt collector may not use "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

**ANSWER:** Paragraph 32 of the Complaint contains a legal conclusion that does not require a specific factual admission or denial. To the extent a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint, and on that basis denies same.

33. 28 U.S.C. §1692e(2) provides that it is a violation of that section to make a "false representation of . . . the character, amount, or legal status of any debt."

**ANSWER:** Paragraph 33 of the Complaint contains a legal conclusion that does not require a specific factual admission or denial. To the extent a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

9

allegations contained in paragraph 33 of the Complaint, and on that basis denies same.

34.     28 U.S.C. §1692e(10) provides that it is a violation of that section to "use any false

representation or deceptive means to collect or attempt to collect any debt or to obtain

information concerning a consumer."

**ANSWER:** Paragraph 34 of the Complaint contains a legal conclusion that does not

require a specific factual admission or denial. To the extent a response is deemed necessary,

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 34 of the Complaint, and on that basis denies same.

35.     The written communication attached as Exhibit D and telephonic communications

received by Plaintiff from I.Q. Data violate 15 U.S.C. §§ 1692f, 1692f(1), 1692e, 1692e(2), and

1692e(10), in that they seek to collect attorney fees allegedly incurred in connection with an

eviction action that IQ Data is not entitled to collect either by law or contract, and they falsely

and misleadingly represented that plaintiff owes legal fees that include attorney fees incurred in

connection with an eviction action

**ANSWER:** Defendant denies the allegations contained in paragraph 35 of the Complaint.

36.     15 U.S.C. § 1692g(a) provides:

> Within five days after the initial communication with a consumer in connection with
> the collection of any debt, a debt collector shall, unless the following information is
> contained in the initial communication or the consumer has paid the debt, send the
> consumer a written notice containing--
> **(1)** the amount of the debt;
> **(2)** the name of the creditor to whom the debt is owed;
> **(3)** a statement that unless the consumer, within thirty days after receipt of the notice,
> disputes the validity of the debt, or any portion thereof, the debt will be assumed to be
> valid by the debt collector;
> **(4)** a statement that if the consumer notifies the debt collector in writing within the
> thirty-day period that the debt, or any portion thereof, is disputed, the debt collector
> will obtain verification of the debt or a copy of a judgment against the consumer and a
> copy of such verification or judgment will be mailed to the consumer by the debt
> collector; and

10

**(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**ANSWER:** Paragraph 36 of the Complaint contains a legal conclusion that does not require a specific factual admission or denial. To the extent a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint, and on that basis denies same.

37. To date, Defendant IQ Data still has not provided Plaintiff any such notice.

**ANSWER:** Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. On information and belief, IQ Data uniformly fails to provide such notice to former residential tenants in Chicago from whom it attempts to collect alleged debts.

**ANSWER:** Defendant denies the allegations contained in paragraph 38 of the Complaint.

## CLASS ALLEGATIONS–FDCPA

39. Plaintiff brings this claim on behalf of a class and subclass, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

**ANSWER:** Defendant admits only that Plaintiff purports to bring this claim on behalf of a class, but Defendant denies that certification of any class is appropriate pursuant to Rule 23 of the Federal Rules of Civil Procedure, and further denies all allegations of fact concerning any wrongdoing.

40. The class consists of (a) all individuals evicted from residential premises in Chicago (b) to whom IQ Data sent a written communication (c) at any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action and (d) where IQ Data did not include notice that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector and/or did not include notice that if the consumer notifies the debt

11

collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector and/or did not include a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**ANSWER:** Defendant denies that this matter is appropriate for class action treatment, and denies the allegations contained in paragraph 40 of the Complaint.

41.     The subclass consists of (a) all individuals (b) to whom IQ Data sent a written communication (c) at any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action and (d) where IQ Data sought to collect an amount which included attorney's fees in connection with an eviction action related to a rental agreement for a dwelling unit located within the City of Chicago; (e) in which attorneys' fees had not been awarded by the court.

**ANSWER:** Defendant denies that this matter is appropriate for class action treatment, and denies the allegations contained in paragraph 41 of the Complaint.

42.     Excluded from the class and subclass are (1) current and former officers, directors, employees, and agents of either defendant and their subsidiaries, parents, and affiliates; (2) persons who have released defendants for the claims asserted; (3) the judge to which this case is assigned and his or her staff; (4) persons who at the time of their eviction resided in any of the following: (a) Owner-occupied buildings containing six units or less; (b) Dwelling units in hotels, motels, inns, bed- and-breakfast establishments, rooming houses and boardinghouses (c) Housing accommodations in any hospital, convent, monastery, extended care facility, asylum or

not-for-profit home for the aged, temporary overnight shelter, transitional shelter, or in a dormitory owned and operated by an elementary school, high school or institution of higher learning; student housing accommodations; (d) A dwelling unit that is occupied by a purchaser pursuant to a real estate purchase contract prior to the transfer of title to such property to such purchaser, or by a seller of property pursuant to a real estate purchase contract subsequent to the transfer of title from such seller; (e) A dwelling unit occupied by an employee of a landlord whose right to occupancy is conditional upon employment in or about the premises; and (f) A dwelling unit in a cooperative.

**ANSWER:** Defendant denies that this matter is appropriate for class action treatment, and denies the allegations contained in paragraph 42 of the Complaint.

43. On information and belief, the class and subclass are each so numerous that joinder of all members is not practicable.

**ANSWER:** Defendant denies that this matter is appropriate for class action treatment, and denies the allegations contained in paragraph 43 of the Complaint.

44. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question for the class is whether IQ Data's failure to provide the information specified above violates 1692g and as to the subclass is whether IQ Data's communications seeking to collect and its collecting attorney fees allegedly incurred in connection with eviction actions on rental agreements for dwellings units located within the City of Chicago violate the FDCPA.

**ANSWER:** Defendant denies that this matter is appropriate for class action treatment, and denies the allegations contained in paragraph 44 of the Complaint.

45. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained

counsel experienced in class and federal litigation.

**ANSWER:** Defendant denies that this matter is appropriate for class action treatment, and denies the allegations contained in paragraph 45 of the Complaint.

46.     A class action is superior for the fair and efficient adjudication of this matter, in that individual actions are not economically feasible, members of the class and subclass are likely to be unaware of their rights, and Congress intended class actions to be the primary enforcement mechanism under the FDCPA.

**ANSWER:** Defendant denies that this matter is appropriate for class action treatment, and denies the allegations contained in paragraph 46 of the Complaint.

WHEREFORE, the Court should enter judgment in favor of Plaintiff, the class and subclass members and against Defendant for:

    a.  Statutory damages;
    b.  Actual damages or restitution for payments of requested attorney fees by class members;
    c.  Punitive damages;
    d.  Attorney's fees, litigation expenses, and costs of suit;
    e.  Such other relief as this Court deems proper.

WHEREFORE, Defendant denies that this matter is appropriate for class action treatment and denies that Plaintiff, the putative class, or the putative subclass is entitled to any relief, including the relief requested in the prayer for relief, subparagraphs (a) through (e), inclusive. Answering further, Defendant affirmatively avers that the parties have entered into a stipulation recognizing that punitive damages are unavailable under the FDCPA (*see e.g., Randolph v. IMBS, Inc.*, 368 F.3d 776, 728), and Plaintiff will not be seeking the punitive damages prayed-for in subparagraph (c).

14

## AFFIRMATIVE DEFENSES

I.Q. Data International, Inc., pleading in the alternative and without prejudice to the general denials in its Answer to Plaintiff's Complaint, for its Affirmative Defenses hereby states as follows. Defendant reserves its right to amend or supplement these defenses as further information becomes available through discovery.

### FIRST AFFIRMATIVE DEFENSE

Defendant substantially complied in good faith with all applicable provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and is entitled to each and every defense afforded to it by the FDCPA. Specifically, if Defendant committed any violation of the Fair Debt Collection Practices Act, which is expressly denied, it was the result of a *bona fide* error under 15 U.S.C. § 1692k(c), notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### SECOND AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff has not incurred an injury in fact, and Plaintiff does not therefore have standing under Article III of the United States Constitution to bring the instant claims.

### THIRD AFFIRMATIVE DEFENSE

Any recovery to Plaintiff, which Defendant denies is appropriate, should be set-off by the amount that the Plaintiff owes on the underlying account.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint and each purported cause of action alleged therein against Defendant are barred by Plaintiff's own conduct, actions, omissions and inaction which amount to and constitute a waiver or consent of such claims and any relief sought thereby.

15

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because she failed to mitigate her damages. *See, e.g. Thomas v. Exxon Mobil Corp.*, No. 07-C-7131, 2009 U.S. Dist. LEXIS 11109, *11 (N.D. Ill. February 11, 2009) ("[W]here discovery has barely begun, the failure to mitigate defense is sufficiently pled without additional facts.").

## SIXTH AFFIRMATIVE DEFENSE

To the extent Defendant has made any misrepresentation, which is expressly denied, it was not a "material" false or misleading statement; therefore, Plaintiff's alleged claim is not actionable under the FDCPA. *Hahn v. Triumph Partnerships, LLC,* 557 F. 3d 755 (7th Cir. 2009); *Donohue v. Quick Collect, Inc.,* 592 F. 3d 1027 (9th Cir. 2010).

## SEVENTH AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Defendant denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any liability of I.Q. Data.

## EIGHTH AFFIRMATIVE DEFENSE

In the event that Plaintiff is able to adequately plead an actionable claim under the FDCPA, her entitlement to statutory damages is capped at $1,000.00 per action, not per violation. *Conner v. Howe,* 344 F. Supp. 2d 1164, 1170 (S.D. Ind. 2004).

WHEREFORE, having answered Plaintiff's Complaint, Defendant respectfully requests that all claims be dismissed and that judgment entered in its favor for costs, expert witness fees, attorneys' fees, and such other relief as this Court deems appropriate.

## *JURY DEMAND*

I.Q. Data International, Inc. demands trial by a jury on all issues triable by a jury.

16

Dated: August 20, 2020

Respectfully submitted,

By:   /s/ *Paul Gamboa*
      GORDON REES SCULLY MANSUKHANI LLP
      Paul Gamboa (#6282923)
      Christina R. Spiezia (#6316508)
      One North Franklin, Suite 800
      Chicago, Illinois 60606
      Phone: (312) 619-4937
      Fax: (312) 565-6511
      pgamboa@grsm.com
      cspiezia@grsm.com
      *Attorneys for Defendant*

17

## CERTIFICATE OF SERVICE

The undersigned, an attorney, states that on August 20, 2020, a true and complete copy of the filed foregoing document was served upon the below attorneys by filing same electronically with the United States District Court, Northern District of Illinois, via the CM/ECF electronic filing system.

*Attorneys for Plaintiff*
Mary Frances Charlton
Arturo Hernandez
Patricia Nix Hodes
Chicago Coalition for the Homeless
70 E. Lake Street, Suite 720
Chicago, Illinois 60601
(312) 459-6607
maryfrances@chicagohomeless.org
arturo@chicagohomeless.org
pnixhodes@yahoo.com

Andrea Bopp Stark
Charles Marshall Delbaum
National Consumer Law Center
7 Winthrop Square
Boston, Massachusetts 02110
(617) 542-8010
astark@nclc.org
cdelbaum@nclc.org

Dated: August 20, 2020

Respectfully submitted,

By: /s/ *Paul Gamboa*
GORDON REES SCULLY MANSUKHANI LLP
Paul Gamboa (#6282923)
Christina R. Spiezia (#6316508)
One North Franklin, Suite 800
Chicago, Illinois 60606
Phone: (312) 619-4937
Fax: (312) 565-6511
pgamboa@grsm.com
cspiezia@grsm.com
*Attorneys for Defendant*