# **<u>EXHIBIT D</u>**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| YASMINE LAMAR, | ) | |
| Individually and on behalf of | ) | |
| a class of others similarly situated, | ) | Case No. 1:20-cv-00377 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Hon. Gary Feinerman |
| IQ DATA INTERNATIONAL, INC., and | ) | |
| DRAPER AND KRAMER, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S ANSWERS AND OBJECTIONS TO
## DEFENDANT'S FIRST SET OF INTERROGATORIES

NOW COMES the Plaintiff, Yasmine Lamar (hereinafter the "Plaintiff" or "Ms. Lamar"), and, pursuant to Fed. R. Civ. P. 33 and Local Rule 33.1, hereby Answers and Objects to the Defendant IQ Data International Inc.'s ("IQDI") First Set of Interrogatories to Plaintiff. Plaintiff reserves the right to amend and/or supplement these Answers and Objections if and when it becomes appropriate.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

### INTERROGATORY NO. 1:

Please state any other name(s) by which Plaintiff Yasmine Lamar has ever been known, and please provide her address(es) from 2015 to the present.

### RESPONSE:

Plaintiff objects to this interrogatory on the grounds that it is not relevant to the claims and defenses of this matter and is not proportional to the needs of the case. Notwithstanding the

1

foregoing objections, Plaintiff has never been known by a name other than her full name,

Yasmine Teersah Lamar. Her addresses from 2015 to the present are as follows:

6129 S. Cottage Grove Ave., Chicago, IL, 60637

3445 S. Rhodes Ave., Chicago, IL, 60616

3745 S. Indiana Ave., Chicago, IL, 60653

753 W. 73rd St., Chicago, IL, 60621

8157 S. Ingleside Ave., Chicago, IL, 60619

**INTERROGATORY NO. 2:**

Please identify the factual basis for your allegation that the legal fee listed in the accounting notice provided to Plaintiff by Draper and Kramer "included unlawful attorney's fees." *See* Complaint ¶ 18.

**RESPONSE:**

Plaintiff objects to this interrogatory on the grounds that it calls for legal opinions. Further, you cite "Complaint" in this interrogatory. Plaintiff assumes Defendant intended to cite to the First Amended Complaint. Notwithstanding this objection, Plaintiff directs IQDI to Lamar Production 00001 – 00002.

**ITERROGATORY NO. 3:**

Please identify the factual basis for your allegation that Plaintiff "suffered confusion, emotional distress, annoyance and anxiety as a result of the addition of the attorney fees." *See* Complaint ¶¶ 19, 26.

**RESPONSE:**

Plaintiff states that she was surprised, upset, and confused that she allegedly owed much more money than she believed she owed, particularly after Draper and Kramer secured a judgment for a

2

lower amount. Plaintiff lost sleep and was forced to apply to borrow money in response to the higher billing amount. Plaintiff further refers Defendant to her First Amended Complaint and the documents attached thereto.

**INTERROGATORY NO. 4:**

Please identify the "initial communication" Plaintiff received from IQ Data, including the date of the communication, manner of communication (telephone, letter, etc.), and substance of the communication. *See* Complaint ¶ 22.

**RESPONSE:**

Plaintiff refers Defendant to her First Amended Complaint and further states that, upon information and belief, the initial communication was a telephone call made during the summer of 2018 in which she was not read her rights under 15 U.S.C. § 1692g. The call representative offered to settle Plaintiff's debt.

**INTERROGATORY NO. 5:**

Please identify the date on which Plaintiff sent IQ Data a check in the sum of $50, the financial institution of Plaintiff's account from which the check was written, the check number, and the date on which the check was cashed and rejected as NSF. *See* Complaint ¶ 24.

**RESPONSE:**

Plaintiff objects to this interrogatory because it calls for production of information that is in Defendant's possession, custody, or control or which are equally available to Defendant as Defendant is the party to have cashed the check at issue. Subject to the foregoing objections and to the General Objections, Plaintiff banked with J.P. Morgan Chase and is no longer in possession of a copy of the check.

**INTERROGATORY NO. 6:**

3

Please identify the factual basis for your allegation that the "check was acknowledged, but not credited." *See* Complaint ¶ 25.

**RESPONSE:**

Plaintiff objects to this interrogatory because it calls for production of information that is in Defendant's possession, custody, or control or which are equally available to Defendant as Defendant is the party to have cashed the check at issue. Subject to these objections Plaintiff refers Defendant to ¶25 of the First Amended Complaint and Exhibit D. Defendant's counsel also informed Plaintiff's counsel that the check was declined due to insufficient funds.

**INTERROGATORY NO. 7:**

Please identify the factual basis for your allegation that Plaintiff's credit was damaged as a result of IQ Data' actions. *See* Complaint ¶ 27.

**RESPONSE:**

Plaintiff states that she noticed that her FICO credit score dropped by over 100 points after Defendant began its collection actions. Plaintiff, as a result, was unable to find a place to rent. She was also denied credit as a result.

**INTERROGATORY NO. 8:**

Please identify the factual basis for your allegation that IQ Data uses unfair or unconscionable means to collect or attempt to collect any debt. *See* Complaint ¶¶ 31, 35.

**RESPONSE:**

Plaintiff objects to the extent that this Interrogatory calls for legal opinions. Subject to the foregoing objection, Plaintiff refers Defendant to the full allegations in her First Amended Complaint and the Exhibits attached thereto.

**INTERROGATORY NO. 9:**

4

Please identify all facts supporting your allegation that IQ Data uses false, deceptive, or misleading representations or means in connection with the collection of any debt. *See* Complaint ¶¶ 32-35.

**RESPONSE:**

Plaintiff objects to the extent that this Interrogatory calls for legal opinions. Subject to the foregoing objection, Plaintiff refers Defendant to the full allegations in her First Amended Complaint and the Exhibits attached thereto.

**INTERROGATORY NO. 10:**

Please identify all facts supporting your allegation that IQ Data "uniformly fails to provide" the notice required by 15 U.S.C. § 1692g(a) "to former residential tenants in Chicago from whom it attempts to collect alleged debts." *See* Complaint ¶ 38.

**RESPONSE:**

Plaintiff objects to the extent that this Interrogatory calls for legal opinions. Subject to the foregoing objection, Plaintiff refers Defendant to the full allegations in her First Amended Complaint and the Exhibits attached thereto.

**INTERROGATORY NO. 11:**

Please identify (including the name, address, and telephone number) all persons that fit your proposed FDCPA class definition, as alleged in ¶ 40 of the Complaint.

**RESPONSE:**

Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects to this interrogatory because it calls for production of information that is in Defendant's possession, custody, or control.

**INTERROGATORY NO. 12:**

Please identify (including the name, address, and telephone number) all persons that fit your proposed FDCPA subclass definition, as alleged in ¶ 41 of the Complaint.

**RESPONSE:**

Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects to this interrogatory because it calls for production of documents that are in Defendant's possession, custody, or control.

**INTERROGATORY NO. 13:**

Please identify any and all transactions and communications of any kind between you and IQ Data, or any of its affiliated entities or agents.

**RESPONSE:**

Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects to this interrogatory because it calls for production of information that is in Defendant's possession, custody, or control or which are equally available to Defendant. Subject to the foregoing objections, Plaintiff refers Defendant to the allegations made in her First Amended Complaint as well as the Exhibits attached thereto. Defendant regularly called Plaintiff on her cell phone, including after the filing of this action. Defendant sent several letters to Plaintiff, however the only letter that she is in possession of was attached as Exhibit D to Plaintiff's First Amended Complaint.

**INTERROGATORY NO. 14:**

Please identify any and all transactions and communications of any kind between you and Draper and Kramer, or any of its affiliated entities or agents.

**RESPONSE:**

6

Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Subject to the foregoing objection, Plaintiff refers Defendant to the allegations made in her First Amended Complaint as well as the Exhibits attached thereto, in particular ¶¶16, 18, and Exhibits B, C.

**INTERROGATORY NO. 15:**

Please identify all facts supporting your allegation that "the class and subclass are each so numerous that joinder of all members is not practicable." *See* Complaint ¶ 43.

**RESPONSE:**

Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects to the extent that this Interrogatory calls for legal opinions. Plaintiff further objects to this interrogatory because it calls for production of information that is in Defendant's possession, custody, or control. Subject to these objections, Plaintiff states that her counsel performed a docket search showing that Draper & Kramer was a plaintiff in more than 100 eviction actions filed in Cook County during the class period.

**INTERROGATORY NO. 16:**

Please identify all facts supporting your allegation that "There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members." *See* Complaint ¶ 44.

**RESPONSE:**

Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects to the extent that this Interrogatory calls for legal opinions. Plaintiff further objects to this interrogatory because it calls for production of information that is in Defendant's possession, custody, or control.

**INTERROGATORY NO. 17:**

Please identify all facts and documents supporting Plaintiff's claim that she has suffered actual damages as a result of IQ Data's alleged conduct.

**RESPONSE:**

Plaintiff objects to this request on the ground that it is premature and that Defendant has access to at least some of the information requested or it is already in Defendant's possession, custody, or control. Subject to this objection, Plaintiff states that her credit was damaged as a result of Defendant's actions and that she was distressed and confused as to what she actually owed as a result of Defendant's collection communications.

**INTERROGATORY NO. 18:**

Do you contend that IQ Data knew the amounts it was collecting from Plaintiff included unlawful attorney's fees? If so, please state the factual basis for your belief that IQ Data had this knowledge.

**RESPONSE:**

Plaintiff objects to this interrogatory because it calls for the production of information that is in Defendant's possession, custody, or control and is not relevant to Plaintiff's claims..

**INTERROGATORY NO. 19:**

Please identify (inclusive of case name, number, location, parties and attorneys) any and arbitrations, mediations, bankruptcies, other lawsuits or petition filings in which you were a named party, either as a plaintiff or defendant, including any class action lawsuits in which you served as a representative plaintiff or class member.

**RESPONSE:**

8

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and not relevant to the Plaintiff's claims. Subject to these objections, Plaintiff states, in addition to the current action, the only responsive action was:

*Draper and Kramer, Inc., as Managing Agent for Lake Meadowns Phase I Limited Partnership v. Yasmine Lamar, Ryan N. Smith, and All Unknown Occupants*, Case No. 20181710362, Cook County Circuit Court. Ms. Lamar was unrepresented in this matter and has no knowledge of her co-Defendants' representation. From Court records, it appears that the Plaintiff in the above-referenced matter was BRG Law Group/Adair McCauley, however Ms. Lamar has no direct knowledge of that fact.

**INTERROGATORY NO. 20:**

Please describe all crimes, whether felony or misdemeanor, that you have ever been arrested for, charged with, arraigned, and/or convicted of.

**RESPONSE:**

Plaintiff objects to this Interrogatory on the grounds that it is not relevant to the Plaintiff's claims. Subject to these objections, Plaintiff replies there are none.

**INTERROGATORY NO. 21:**

Please identify the basis of your counsel's qualifications to serve a class counsel in this action including, but not limited to, the case name, case number and venue of those class action lawsuits in which your counsel has served as counsel of record for any party.

**RESPONSE:**

Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects to this Interrogatory on the ground that it is premature.

9

Subject to the foregoing objection and the General Objection, Plaintiff directs her counsel to provide the following:

Charles Delbaum is admitted to practice in the following courts: Massachusetts Supreme Judicial Court (1973), the U. S. District Courts for Massachusetts, the Northern District of Ohio, and the Western District of New York, as well as the Sixth Circuit Court of Appeals, the Fifth Circuit Court of Appeals, and the Federal Circuit. He has been admitted pro hac vice in the following Federal District Courts: Central and Northern Districts of California, Central District of Illinois, Southern District of Indiana, Eastern District of Louisiana, New Mexico, Nebraska, Maine and the Eastern and Southern Districts of New York. He graduated from Harvard Law School in 1971, and then clerked for the Hon. Malcom Muir, U.S. District Court, M.D. Pa., for two years. Thereafter, he was an associate at Berkman, Gordon and Kancelbaum from 1973-1975, a staff attorney in the law reform unit of Cleveland Legal Aid Society, Cleveland, Ohio from 1975 to 1979, a partner in the firm of Stege, Delbaum & Hickman, Co. in Cleveland, Ohio from 1979 to 1992, and Director of Litigation and Advocacy at the New Orleans Legal Assistance Corporation from 1992 to 2005. During this time, among other things, he was lead counsel on several class actions. He has litigated consumer class actions in jurisdictions around the country. He also is an author and editor of NCLC's nationally-recognized treatises, including Consumer Class Actions (8th edition 2014) (co-editor and author) and Fair Debt Collection (9th edition 2018) (Litigation Chapter).

While at NCLC, he has been counsel in more than forty consumer class action cases, the majority of which have achieved court-approved settlements. Of these, the following have been brought to a successful conclusion, with settlement approved and final judgment entered for the class of plaintiffs: *Hood v. Santa Barbara Bank & Trust*, Case No. 1156354, Superior Court of

10

the State of California (Santa Barbara County); *Mogel v. UNUM Life Insurance Company of America*, Case No. 07-cv-10955-NMG, U.S. D. Ct. (D. Mass.); *Blake v. Riddle and Wood*, Case No. 08-12033 (D. Mass.); *Tammaro v. Direct Federal Credit Union*, Case No. 08-5508-BLS2 (Ma. Superior Court); *Rodriguez v. Chase Bank USA*, Case No. 09-10614 (D. Mass.); *Ramirez v. Greenpoint Mortgage Funding*, Case No. 08-369 (N.D. Cal.); *Puello v. Citifinancial/Citigroup*, Case No. 08-10417, U.S. D. Ct. District of Massachusetts; *Bosque v. Wells Fargo Bank, N.A.*, Civil Action No. 10-10311, U.S. D. Ct. D. Mass. (settled on group basis); *Durmic v. J.P. Morgan Chase Bank, N.A.*, Civil Action No. 10-10380, U.S. D. Ct. (D. Mass.); *Otte v. Life Insurance Company of North America*, Civil Action No. 09-11537, U.S. D. Ct. (D. Mass.); *Lannan v. Levy & White*, Case No. 1:14-cv-13866, U.S.D.Ct. (D. Mass.); *Chester v. Tancorde Finance*, Case No. 1:14-cv-00092, U.S.D.Ct. (D.N.M.); *Charlessaint v. Persian Auto Corp.*, Case No. 14-11937, U.S.D.Ct. (D. Mass.); *Spence v. Cavalry Portfolio Services, LLC*, Case No. 1:14-cv-12655, U.S. D. Ct. (D. Mass); *Tullie v. T & R Market, Inc.*, Case No. 1: 14-cv-00670, U.S.D.Ct. (D.N.M.); *Bible v. United Student Aid Funds*, Case No. 1:13-cv-0575, U.S.D.Ct. (D. S.D. Ind.); *Daye v. Community Financial Services, LLC*, Case No. 1:14-00759 U.S.D.Ct. (D.N.M.); *Baker v. Ross*, Case No. 17-cv-4274 U.S.D.Ct. (E.D.Pa.); *Stromberg v. Ocwen Loan Servicing*, Case No. 15-cv-04719 U.S.D.Ct. (N.D. Cal.).

Andrea Bopp Stark is admitted to practice in the following courts: Massachusetts Supreme Judicial Court (1997), Maine Supreme Judicial Court (1998), New Hampshire Supreme Judicial Court, the U. S. District Courts for Maine, New Hampshire, and Massachusetts, the Northern District of Illinois, as well as the First Circuit Court of Appeals. She graduated from Boston College Law School in 1997 with a J.D. and MSW, and then worked for Greater Boston Legal Services as an Americorps Volunteer from 1997-1998. She then moved to Maine where

11

she worked as a solo practitioner from 1998-2000. From 2000-2008, she worked at Merrimack Valley Legal Services which merged with Neighborhood Legal Services in Lawrence, Massachusetts as a general practitioner for six years and then developed the consumer rights unit there for two years before moving back to Maine in 2008. From 2008-2019, she worked at Molleur Law Office in Biddeford, Maine engaging in complex consumer litigation in the state, U.S. District and U.S. Bankruptcy courts. She joined the National Consumer Law Center ("NCLC") in May 2019. Since joining NCLC in 2019, she has worked in the areas of fair debt collection and mortgage servicing and assisted with litigation in these areas. She is an author and editor of NCLC's nationally-recognized treatises, including Fair Debt Collection (9th edition 2018) and Mortgage Servicing and Loan Modifications (2019). Since beginning in the consumer law practice area in 2006, she has been lead counsel in more than seventy-five consumer litigation actions and have co-counseled five consumer class action cases.

Attorney Mary Frances Charlton has handled the following cases which included class certification or class allegations: *Manning v. Caldwell*, 930 F.3d 264 (4th Cir. 2019), *Houston v. Fifth Third Bank*, Case No. 18-cv-5981 (N.D. Ill.), *Dawoudi v. Nationstar Mortgage LLC*, 19-cv-03783 (N.D. Ill.), *Scott et al. v. Clark, et al.*, 12-cv-36 (W.D. Va.), *Ciesniweski, et al. v. Aries Capital, et al.*, 16-cv-817 (S.D. Ind.), *Johnson et al. v. Weltman, Weinberg & Reis Co., LPA, et al.*, 18-cv-7818 (N.D. Ill.), *Gunn, et al. v. Thrasher, Buschmann & Voelkel, PC*, 19-cv-1385 (S.D. Ind.), *Braswell, et al. v. Weltman, Weinberg & Reis Co., LPA, et al.*, 18-cv-7626 (N.D. Ill.), *Miller, et al. v. National Credit Systems Inc.*, 18-cv-7796 (N.D. Ill.), *Rodriguez, et al. v. Answelmo, Lindberg & Associates, LLC, et al.*, 19-cv-271 (N.D. Ill.), *Hernandez, et al. v. Broida and Nichele, Ltd.*, 19-cv-943 (N.D. Ill.), *Hinojosa, et al. v. Linebarger Goggan Blair & Sampson, et al.*, 19-cv-2521 (N.D. Ill.), *Soulias, et al. v .Kohn Law Firm, S.C.*, 18-cv-6771 (N.D.

12

Ill.), *Strunk v. Burke Costanza & Carberry, LLP,* 18-cv-344 (N.D. Ind.), *Howard v. BetterNOI, LLC,* 18-cv-6742 (N.D. Ill.), *Castle v. Global Credit & Collection Corp., et al.,* 18-cv-6888 (N.D. Ill.), *Cripe v. Phoenix Financial Services, LLC, et al.,* 18-cv-8488 (N.D. Ill.), *Jackson v. ICUL Service Corp. d/b/a Creditors Resource Service,* 19-cv-1566 (N.D. Ill.), *Hernandez, et al. v. Mitnick, et al.,* 19-cv-2570 (N.D. Ill.), *Jenkins v. Pennsylvania Higher Education Assistance Agency,* 19-cv-3130 (N.D. Ill.), *Dawoudi v. Nationstar Mortgage, LLC, et al.,* 19-cv-3783 (N.D. Ill.), *Bradley v. Resolve Partners, LLC,* 19-cv-4279 (N.D. Ill.), *Smith v. Navient Solutions, LLC, et al.,* 18-cv-6766 (N.D. Ill.), *Myosha v. First National Collection Bureau, Inc., et al.,* 18-cv-6766 (N.D. Ill.), *Landon, et al v. Bluegreen Vacations Unlimited, Inc., et al.* (E.D. Wis.), *Hoffman v. Kohn Law Firm, SC,* 18-cv-8491 (N.D. Ill.), *Roberts v. Carrington Mortgage Services, LLC,* 19-cv-2355 (N.D. Ill.), *Borges v. Convergent Outsourcing, Inc., et al.,* 19-cv-2206 (N.D. Ill.), *Kravtsova v. Frontline Asset Strategies, LLC, et al.,* 19-cv-84 (N.D. Ill.), *Pinkett v. Mauer & Madoff, LLC,* 18-cv-6966 (N.D. Ill.)

**INTERROGATORY NO. 22:**

Please identify any instance, by case name, case number and venue in which your counsel was disqualified as class counsel or otherwise found to be inadequate to represent the putative class.

**RESPONSE:**

None.

Dated at Chicago, Illinois this 28th day of September, 2020.

Plaintiff, as to Answers

Yasmine Lamar

13

Plaintiff's Attorneys as to Objections

*/s/ Mary Frances Charlton*
Mary Frances Charlton
Patricia Nix-Hodes (lead trial counsel)
Arturo Hernandez
Law Project of the Chicago Coalition
for the Homeless
70 E. Lake St. Ste. 720
Chicago, IL 60601
312-641-4140
maryfrances@chicagohomeless.org
arturo@chicagohomeless.org
patricia@chicagohomeless.org


Charles Delbaum
Andrea Bopp Stark
National Consumer Law Center
7 Winthrop Square
Boston, MA 02110-1245
617-542-8010
cdelbaum@nclc.org
astark@nclc.org

## CERTIFICATE OF SERVICE

I, Mary Frances Charlton, hereby certify that I caused a true and correct copy of Plaintiff's Responses to Defendant's Request for Interrogatories to be served on the parties, per agreement by email, as set forth below.

Dated: September 28, 2020

Paul Gamboa, pgamboa@grsm.com
Christina R. Spiezia, cspiezia@grsm.com

14