# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| YASMINE LAMAR, | ) | |
| Individually and on behalf of | ) | |
| a class of others similarly situated, | ) | Case No. 1:20-cv-00377 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Hon. Gary Feinerman |
| IQ DATA INTERNATIONAL, INC., and | ) | |
| DRAPER AND KRAMER, INC. | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANT'S FIRST REQUESTS FOR PRODUCTION

NOW COMES the Plaintiff, Yasmine Lamar (hereinafter the "Plaintiff" or "Ms. Lamar"), and, pursuant to Fed. R. Civ. P. 34 hereby Answers and Objects to the Defendant IQ Data International Inc.'s ("IQDI") First Requests for Production to Plaintiff. Plaintiff reserves the right to amend and/or supplement these Answers and Objections if and when it becomes appropriate.

### RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

Please produce all documents identified or mentioned in your responses to IQ Data's Interrogatories to Plaintiff.

**RESPONSE:**

Plaintiff directs IQDI to Lamar Production 000001-000015.

**REQUEST NO. 2:**

1

Please produce all documents you reviewed or relied upon in responding to IQ Data's Interrogatories to Plaintiff.

**RESPONSE:**

Plaintiff directs IQDI to Lamar Production 000001-000015.

**REQUEST NO. 3:**

Please produce all written communications between Ms. Lamar and IQ Data.

**RESPONSE:**

Plaintiff objects to this request on the grounds that it is not proportional to the needs of the case, is unduly burdensome, and ambiguous regarding time frame. Further, Defendant has access to the information requested or it is already in Defendant's possession, custody, or control. Subject to and without waiving this objection, Plaintiff directs Defendant to Lamar Production 3. No documents are being withheld on the basis of Plaintiff's objection.

**REQUEST NO. 4:**

Please produce all written communications between Ms. Lamar and Draper and Kramer

**RESPONSE:**

Plaintiff objects to this request on the grounds that it is not proportional to the needs of the case, is unduly burdensome, and ambiguous regarding time frame. Subject to and without waiving this objection, Plaintiff directs Defendant to Lamar Production 000001 – 000002, 000004-000009. No documents are being withheld on the basis of Plaintiff's objection.

**REQUEST NO. 5:**

Please produce all recorded communications of any kind between Ms. Lamar and IQ Data.

2

**RESPONSE:**

There are no documents in Plaintiff's possession responsive to this request.

**REQUEST NO. 6:**

Please produce all recorded communications of any kind between Ms. Lamar and Draper and Kramer.

**RESPONSE:**

There are no documents in Plaintiff's possession responsive to this request.

**REQUEST NO. 7:**

Please produce all documents related to each and every debt alleged to be the basis of your claims against IQ Data, including, but not limited to, any applications, contracts, receipts, and/or invoices.

**RESPONSE:**

Plaintiff objects to this request on the grounds that it is confusing and ambiguous. Further, Defendant has access to at least some of the information requested or it is already in Defendant's possession, custody, or control. Subject to and without waiving this objection, Plaintiff directs Defendant to Lamar Production 000001-000009. No documents are being withheld on the basis of Plaintiff's objection.

**REQUEST NO. 8:**

Please produce all documents supporting your allegation that the legal fee listed in the accounting notice provided to Plaintiff by Draper and Kramer "included unlawful attorney's fees." *See* Complaint ¶ 18.

**RESPONSE:**

3

Plaintiff objects to this request on the grounds that it calls for legal opinions. Further, Defendant has access to at least some of the information requested or it is already in Defendant's possession, custody, or control. Subject to and without waiving this objection, Plaintiff directs Defendant to Lamar Production 000001-000003. No documents are being withheld on the basis of Plaintiff's objection.

**REQUEST NO. 9:**

Please produce all documents supporting your allegation that Plaintiff "suffered confusion, emotional distress, annoyance and anxiety as a result of the addition of the attorney fees." *See* Complaint ¶¶ 19, 26.

**RESPONSE:**

Plaintiff objects to this request on the grounds that it is premature. Subject to and without waiving this objection, Plaintiff directs Defendant to Lamar Production 000001-000003, 000013-000016. No documents are being withheld on the basis of Plaintiff's objection.

**REQUEST NO. 10:**

Please produce all documents supporting your allegation that "Plaintiff sent IQ Data a check in the sum of $50 on her account." *See* Complaint ¶ 24.

**RESPONSE:**

Plaintiff objects to this request on the grounds that Defendant has access to at least some of the information requested or it is already in Defendant's possession, custody, or control. Subject to and without waiving this objection, Plaintiff directs Defendant to Lamar Production 000010-000012. No documents are being withheld on the basis of Plaintiff's objection.

**REQUEST NO. 11:**

Please produce a copy of the check referenced in paragraph 24 of the Complaint.

**RESPONSE:**

Plaintiff objects to this request on the ground that Defendant has access to the information requested or it is already in Defendant's possession, custody, or control. Subject to and without waiving this objection, Plaintiff is not in possession of a copy of the check. No documents are being withheld on the basis of Plaintiff's objection.

**REQUEST NO. 12:**

Please produce all documents supporting your allegation that Plaintiff's credit was damaged as a result of IQ Data's actions. *See* Complaint ¶ 27.

**RESPONSE:**

Plaintiff directs Defendant to Lamar Production 000013 – 000016. No documents are being withheld on the basis of Plaintiff's objection.

**REQUEST NO. 13:**

Please produce documents that evidence your credit scores in each of the years from 2015 to present.

**RESPONSE:**

Plaintiff objects to this request on the grounds that it is not proportional to the needs of the case, unduly burdensome, and not relevant to the Plaintiff's claims. Subject to and without waiving this objection, Plaintiff directs Defendant to Lamar Production 000013 – 000016. Plaintiff is only in possession of documents reflecting her current credit score. No documents are being withheld on the basis of Plaintiff's objection.

**REQUEST NO. 14:**

5

Please produce all documents that identify any individual or entity (by name, title, phone number, and address) whom Plaintiff has agreed may access her credit information, or who has received Plaintiff's credit information, from 2015 to the present.

**RESPONSE:**

Plaintiff objects to this request on the grounds that it is not proportional to the needs of the case, unduly burdensome, and not relevant to the Plaintiff's claims. Subject to these objections, Plaintiff states there are no documents in Plaintiff's possession responsive to this request. No documents are being withheld on the basis of Plaintiff's objection.

**REQUEST NO. 15:**

Please produce all documents related to any credit application made by Plaintiff from 2015 to present.

**RESPONSE:**

Plaintiff objects to this request on the grounds that it is not proportional to the needs of the case, unduly burdensome, and not relevant to the Plaintiff's claims. Subject to these objections, Plaintiff states there are no documents in Plaintiff's possession responsive to this request. No documents are being withheld on the basis of Plaintiff's objection.

**REQUEST NO. 16:**

Please produce copies of all W-2 Forms issued by Plaintiff's employer to Plaintiff for the years 2015 through the present.

**RESPONSE:**

Plaintiff objects to this request on the grounds that it is not relevant to the claims and defenses in this matter. Further, it is not proportional to the needs of the case, and is unduly burdensome. Subject to and without waiving this objection, there are no documents in Plaintiff's

possession responsive to this request , however Plaintiff is attempting to obtain these documents and will supplement when she receives them.

**REQUEST NO. 17:**

Please produce all documents evidencing any medical treatment Plaintiff received as a result of IQ Data's alleged conduct, including, but not limited to, medical records, doctors' bills, receipts, and health insurance information.

**RESPONSE:**

There are no documents in Plaintiff's possession responsive to this request.

**REQUEST NO. 18:**

Please produce all documents evidencing any psychological treatment Plaintiff received as a result of IQ Data's alleged conduct, including, but not limited to, medical records, doctors' bills, receipts, and health insurance information.

**RESPONSE:**

There are no documents in Plaintiff's possession responsive to this request.

**REQUEST NO. 19:**

Please produce all documents supporting Plaintiff's claim that she has suffered actual damages as a result of IQ Data's alleged conduct.

**RESPONSE:**

Plaintiff directs Defendant to Lamar Production 000001-000016

**REQUEST NO. 20:**

Please produce all documents supporting your allegation that IQ Data uses unfair or unconscionable means to collect or attempt to collect any debt. *See* Complaint ¶¶ 31, 35.

**RESPONSE:**

Plaintiff objects to this request on the grounds that it calls for a legal opinion. Subject to and without waiving this objection, Plaintiff directs Defendant to Lamar Production 000001-000016. No documents are being withheld on the basis of Plaintiff's objection.

**REQUEST NO. 21:**

Please produce all documents supporting your allegation that IQ Data uses false, deceptive, or misleading representations or means in connection with the collection of any debt.

**RESPONSE:**

Plaintiff objects to this request on the grounds that it calls for a legal opinion. Subject to and without waiving this objection, Plaintiff directs Defendant to Plaintiff directs Defendant to Lamar Production 000001-000016. No documents are being withheld on the basis of Plaintiff's objection.

**REQUEST NO. 22:**

Please produce all documents supporting your allegation that IQ Data "uniformly fails to provide" the notice requested by 15 U.S.C. § 1692g(a) "to former residential tenants in Chicago from whom it attempts to collect alleged debts." *See* Complaint ¶ 38.

**RESPONSE:**

Plaintiff objects to this request on the grounds that Defendant has access to the information requested or it is already in Defendant's possession, custody, or control. Subject to these objections, Plaintiff refers Defendant to the full allegations in her First Amended Complaint and the Exhibits attached thereto. No documents are being withheld on the basis of Plaintiff's objection.

**REQUEST NO. 23:**

8

As to every person that fits your proposed FDCPA class definition (as alleged in ¶ 40 of the Complaint) known to you, please produce all written communications of any kind between that person and IQ Data.

**RESPONSE:**

Plaintiff objects to this request on the grounds that it is not proportional to the needs of the case, is unduly burdensome, and ambiguous regarding time frame. Further, Defendant has access to the information requested or it is already in Defendant's possession, custody, or control. Subject to this objection, Plaintiff directs Defendant to Lamar Production 000003. No documents are being withheld on the basis of Plaintiff's objection.

**REQUEST NO. 24:**

As to every person that fits your proposed FDCPA class definition (as alleged in ¶ 40 of the Complaint) known to you, please produce all recorded communications of any kind between that person and IQ Data.

**RESPONSE:**

Plaintiff objects to this request on the grounds that it is not proportional to the needs of the case, is unduly burdensome, and ambiguous regarding time frame. Further, Defendant has access to the information requested or it is already in Defendant's possession, custody, or control. No documents are being withheld on the basis of Plaintiff's objection.

**REQUEST NO. 25:**

As to every person that fits your proposed FDCPA subclass definition (as alleged in ¶ 41 of the Complaint) known to you, please produce all written communications of any kind between that person and IQ Data.

**RESPONSE:**

9

Plaintiff objects to this request on the grounds that it , is not proportional to the needs of the case, is unduly burdensome, and ambiguous regarding time frame. Further, Defendant has access to the information requested or it is already in Defendant's possession, custody, or control. Subject to this objection, Plaintiff directs Defendant to Lamar Production 000003. No documents are being withheld on the basis of Plaintiff's objection.

**REQUEST NO. 26:**

As to every person that fits your proposed FDCPA subclass definition (as alleged in ¶ 41 of the Complaint) known to you, please produce all recorded communications of any kind between that person and IQ Data.

**RESPONSE:**

Plaintiff objects to this request on the grounds that it is not proportional to the needs of the case, is unduly burdensome, and ambiguous regarding time frame. Further, Defendant has access to the information requested or it is already in Defendant's possession, custody, or control. No documents are being withheld on the basis of Plaintiff's objection.

**REQUEST NO. 27:**

Please produce all documents supporting your allegation that "the class and subclass are each so numerous that joinder of all members is not practicable." *See* Compliant ¶ 43.

**RESPONSE:**

Plaintiff objects to this request on the grounds that Defendant has access to the information requested or it is already in Defendant's possession, custody, or control. Subject to and without waiving this objection, Plaintiff directs Defendant to Plaintiff's answer to No documents are being withheld on the basis of Plaintiff's objection. No documents are being withheld on the basis of Plaintiff's objection.

10

**REQUEST NO. 28:**

Please produce all documents supporting your allegation that "There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members." *See* Complaint ¶ 44.

**RESPONSE:**

Plaintiff objects to this request on the grounds that it calls for a legal opinion. Further, Defendant has access to the information requested or it is already in Defendant's possession, custody, or control. No documents are being withheld on the basis of Plaintiff's objection.

**REQUEST NO. 29:**

Please produce all documents supporting your allegation that your counsel is experienced in class and federal litigation. *See* Complaint ¶ 45.

**RESPONSE:**

Plaintiff objects to this request on the grounds that it is premature, is not proportional to the needs of the case, is unduly burdensome, and ambiguous regarding time frame. Subject to and without waiving this objection, there are no documents in Plaintiff's possession responsive to this request.

**REQUEST NO. 30:**

Please produce all documents that evidence any court's determination that your counsel has not been approved as class counsel.

**RESPONSE:**

There are no documents in Plaintiff's possession responsive to this request. No court has made such a determination as to any of Plaintiff's attorneys.

**REQUEST NO. 31:**

Please produce the "initial communication" from IQ Data referred to in paragraph 22 of the Complaint, and if the "initial communication" was oral, please produce any and all documents evidencing the "initial communication" and the date on which it was made.

**RESPONSE:**

Plaintiff objects to this request on the grounds that it is unduly burdensome and Defendant has access to the information requested or it is already in Defendant's possession, custody, or control. Subject to and notwithstanding this objection, there are no documents in Plaintiff's possession responsive to this request. No documents are being withheld on the basis of Plaintiff's objection.

**REQUEST NO. 32:**

Please produce any and all documents suggesting that IQ Data had knowledge that the amounts it was collecting from Plaintiff including unlawful attorney's fees.

**RESPONSE:**

Plaintiff objects to this request on the grounds that it is not relevant to the claims and defenses in this matter. Furthermore, Defendant has access to the information requested or it is already in Defendant's possession, custody, or control. No documents are being withheld on the basis of Plaintiff's objection.

**REQUEST NO. 33:**

Please produce all documents supporting your allegation you were confused deceived by IQ Data.

**RESPONSE:**

Plaintiff objects to this request on the grounds that it is vague and ambiguous regarding time frame. Further, Defendant has access to at least some of the information requested or it is

already in Defendant's possession, custody, or control. Subject to and without waiving this objection, Plaintiff directs Defendant to Lamar Production 000001-000003. No documents are being withheld on the basis of Plaintiff's objection.

**REQUEST NO. 34:**

Please produce all documents concerning any and all arbitrations, mediations, bankruptcies, other lawsuits or petition filings in which you were a named party, either as a plaintiff or defendant, including any class action lawsuits in which you served as a representative plaintiff or class member.

**RESPONSE:**

Plaintiff objects to this request on the grounds that it is not relevant to the claims and defenses in this matter. Subject to this objection, in addition to the instant action, see Lamar Production 000001.  No documents are being withheld on the basis of Plaintiff's objection.

Dated at Chicago, Illinois this 28th day of September, 2020.


*/s/ Mary Frances Charlton*
Mary Frances Charlton
Patricia Nix-Hodes (lead trial counsel)
Arturo Hernandez
Law Project of the Chicago Coalition
for the Homeless
70 E. Lake St. Ste. 720
Chicago, IL 60601
312-641-4140
maryfrances@chicagohomeless.org
arturo@chicagohomeless.org
patricia@chicagohomeless.org


Charles Delbaum
Andrea Bopp Stark
National Consumer Law Center
7 Winthrop Square
Boston, MA 02110-1245

13

617-542-8010
cdelbaum@nclc.org
astark@nclc.org

## <u>CERTIFICATE OF SERVICE</u>

I, Mary Frances Charlton, hereby certify that I caused a true and correct copy of Plaintiff's Responses to Defendant's Requests for Production to be served on the parties, per agreement by email, as set forth below.

Dated: September 28, 2020

Paul Gamboa, pgamboa@grsm.com
Christina R. Spiezia, cspiezia@grsm.com

14